**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 16-cv-00284-MSK**

**ADRIANA HENDERSON,**

    Plaintiff,

v.

**PACIFIC SPECIALTY INSURANCE COMPANY,**

    Defendant.

---

**ORDER REMANDING CASE**

---

    **THIS MATTER** comes before the Court *sua sponte*. The Plaintiff Adriana Henderson initiated this action in District Court for Arapahoe County, Colorado, asserting claims for breach of contract and bad faith breach of contract. The Defendant Pacific Specialty Insurance Company removed the case to this Court. The Notice of Removal **(#1)** cites 28 U.S.C. § 1332 as the basis of this Court's subject matter jurisdiction.

    A civil action is removable only if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). In this case, removal is premised on diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction exists when the case involves a dispute between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). As the party invoking the federal court's jurisdiction, the Defendant bears the burden of establishing that the requirements for the exercise of diversity jurisdiction are met. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999).

To meet its burden with regard to the amount in controversy, the Defendant must affirmatively establish in the Notice of Removal that the statutory amount is met. *See McPhail v. Deere & Co.*, 529 F.3d 947, 954-56 (10th Cir. 2007). The Defendant may do this in any number of ways — by relying on contentions, interrogatories, or admissions in state court; by calculation from the complaint's allegations; by reference to the Plaintiff's informal estimates or settlement demands; or by introducing evidence in the form of affidavits about how much it would cost to satisfy the Plaintiff's demands. *Id.* at 956.

Here, the Defendant relies on the allegations in the Complaint **(#4)** that Plaintiff is asserting claims under a property and casualty insurance policy and that she is entitled to statutory penalties of twice the amount of her breach of contract damages. However, a review of the Complaint reveals that the Plaintiff has not pled an amount that she seeks to recover nor has she pled what her policy limits are or what amount she is due under the policy. Based on these allegations, it is not possible to determine what amount the Plaintiff could recover, even if she were successful on each of her claims.

The Defendant also relies on the civil case cover sheet, on which the Plaintiff checked the box indicating that she seeks a monetary judgment over $100,000. For the reasons stated in *Baker v. Sears Holdings Corp.*, 557 F.Supp.2d 1208 (D.Colo. 2007), the Court finds that the representations made on the Civil Case Cover Sheet are insufficient to establish the amount in controversy. As noted in *Baker*, the Civil Case Cover Sheet is not an exhibit to, or part of, the Complaint. It simply specifies a type of procedure to be used in the state case based upon an election as to whether the judgment sought is greater or less than $100,000. Accordingly, the Court finds that the Defendant has failed to establish that the amount in controversy requirement

has been met. The Court therefore lacks subject matter jurisdiction over this action, and the case must be remanded to state court.

This case is hereby **REMANDED** to the District Court for Arapahoe County, Colorado. The Clerk is directed to close this case.

Dated this 12th day of February, 2016.

**BY THE COURT:**

_____
Marcia S. Krieger
Chief United States District Judge